STATE of Utah, Plaintiff and Respondent,

v.

Luckie John HOWELL, Defendant and Appellant.

No. 14482.

Supreme Court of Utah.

Sept. 23, 1976.

---

Gary L. Gale, of Gale & Havas, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, O. Dee Lund, Box Elder County Atty., Brigham City, for plaintiff and respondent.

WAHLQUIST, District Judge:

The defendant was convicted of the offense of aggravated assault, a third-degree felony, by the District Court after a jury was waived.

The conviction is affirmed.

The victim testified at the trial. The defendant alleged that he was unable to remember the events from before the actual alleged assault until just thereafter. The defense focused primarily on the assertion of the lack of specific intent to seriously injure another and general temporary insanity. There is considerable circumstantial evidence to support the assertions of the State and the defense.

The victim testified that he and the defendant had been close friends since childhood. On the evening in question, he and the defendant had gone to Corinne to a tavern and played pool. The victim claims that they each drank about six to eight glasses of beer. During the pool game an unpleasantness developed between them as to the proper way to rack the balls for an eight-ball game. Further arguments ensued over the merits of two competing motorcycle makes. Eventually the defendant demanded that he be taken home. On the drive home, the defendant cursed the victim at length. After arriving back in Brigham City, the victim dropped the defendant off at the latter's home and proceeded to his own home. There the victim had a discussion with his wife as to why the defendant was as unpleasant as he was. He decided to take two cans of cold beer back to the defendant's home and talk the matter over.

When the victim arrived at the defendant's home, he stepped out of his pick-up truck as the defendant approached. The victim held the two cans of beer out towards the defendant. The defendant, without saying anything, struck the victim in the mouth with a two-foot iron pipe. The victim fell to the ground; when he began to rise the defendant again struck

him in the mouth with the pipe. The victim fell to the ground. The defendant stood over the victim shouting and striking him many times on the legs and ribs with the pipe, causing him severe injuries.

After the plea of insanity, the matter was referred to two alienists as required by statute.[1] The one alienist reported the defendant did not have the ability to understand right from wrong, or adhere to right, at the time of the striking. The other found that the defendant was fully responsible for what he had done and indicated a disbelief in the defendant's claim of amnesia.

The statute under consideration reads as follows:[2]

(1) A person commits aggravated assault if he commits assault as defined in section 76–5–102 and:

(a) He intentionally causes serious bodily injury to another; or

(b) He uses a deadly weapon or such means or force likely to produce death or serious bodily injury.

▬ The defendant's brief focuses primarily on the "a" portion of the above section. It contends that the offense charged requires a specific intent to inflict serious bodily harm upon the victim[3] and that such intent should not have been found present beyond a reasonable doubt as a matter of law.

▬ The State's brief focuses primarily on the "b" section of the above statute. It contends that it is a general intent statute requiring only an awareness of what is done as opposed to requiring a specific intent.[4]

This court believes that the advocates before it have each correctly interpreted the section of the statute on which their attention focuses primarily, but that that is not determinative of the issues here.

▬ The trial judge, in addition to announcing his general finding of guilt, carried on a discussion with the attorneys in which he indicated his general findings of fact. He stated that he had found that the only inability of the defendant to adhere to the right was that resulting from voluntary intoxication. He stated that he found the defendant knew, in a drunken sort of way, what he was doing when he committed the acts; that the defendant also likely remembered what had taken place. He ruled that the mere presence of amnesia, even if it had been present, would not be a defense. He expressed the view that as long as the defendant had known what he was doing at the time he committed the acts in question that a failure to recall it would be no defense. He also commented on the fact that the defendant had a potentiality for cruelty when intoxicated and had only a few months before become "a cruel drunk," had beaten his wife to the point where she had had to be hospitalized. The judge indicated that the defendant either knew or should have known that he might turn cruel, if in a drunken condition, and had no right to become intoxicated and use such as an excuse.[5] The judge received a probation report, held an aggravation and mitigation hearing, and sentenced the accused.

▬ The evidence in this case, even though in heated dispute, is adequate to sustain the trial judge's findings. The report of one alienist, even when supported by a record of severe drug abuse, does not compel a finding of not guilty.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

TUCKETT, Justice, does not participate herein.

1. Utah Code Annotated § 77–24–17 (1953), as amended.

2. Utah Code Annotated § 76–5–103 (1953), as amended.

3. Utah Code Annotated § 76–2–102 (1953), as amended.

4. Utah Code Annotated § 76–2–104 (1953), as amended.

5. Utah Code Annotated § 76–2–306 (1953), as amended.